UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HERMAN LEWIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DR. N. RENDLEMAN, DAN DELP, JOHN ROGERS and MARY BETH FLYGARE,<br><br>　　　　　　　　Defendants. | No.  4:16-CV-05136-EFS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　Before the Court is Plaintiff's pro se Motion for Reconsideration, ECF No. 18. Plaintiff, a prisoner at the Coyote Ridge Corrections Center, is proceeding pro se and in forma pauperis; Defendants have not been served. Plaintiff is challenging the Order directing him to amend or voluntarily dismiss, denying his motion for appointment of counsel and also denying his request for immediate injunctive relief on the basis that he had failed to present a legally sufficient complaint. ECF No. 14.

　　　In the Order filed December 29, 2016, ECF No. 14, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty days. On January 6, 2017, Plaintiff submitted a "supplemental complaint," consisting of five pages, ECF No. 15, and on January 9, 2017, he submitted a

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

"continuation of supplemental complaint," consisting of three pages, ECF No. 16. On January 10, 2017, Plaintiff filed the present Motion for Reconsideration, ECF No. 18, as well as a Notice of Appeal, ECF No. 19. The Motion for Reconsideration was noted for hearing on February 9, 2017. It was considered without oral argument on the date signed below.

**RECONSIDERATION**

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

In his Motion, Plaintiff asserts that it is not an easy task to write a complaint without the assistance of counsel. ECF No. 18 at 1. While the Court appreciates Plaintiff's circumstances, they are not unlike other incarcerated persons. He contends that his complaint "is

not just about deliberate indifference only but [his] medical condition at hand," and the Court's directive is continuing his pain and suffering. ECF No. 18 at 1.

In the absence of facts from which the Court could infer that identified Defendants acted with deliberate indifference to Plaintiff's suffering, the Court was unable to proceed with this action. Consequently, Plaintiff was instructed to present a short and plain statement of facts showing he was entitled to the relief he sought. He has not done so.

Plaintiff has been suffering with problems and pain associated with his Achilles tendon since October/November 2014, and has been requesting to be seen by a podiatrist since that time. In his complaint, Plaintiff averred that he was initially evaluated for chronic tendonitis, given an icepack, instructed to elevate and immobilize the region, and given a cane. ECF No. 1 at 5. When the pain and swelling worsened, Plaintiff was seen by Defendant Dr. Rendleman on October 28, 2014, who provided him with x-rays, an immobilization splint and a wheelchair.

Plaintiff stated that on November 18, 2014, Defendant Dr. Rendleman informed Plaintiff of the results of the x-rays (a rupture and tear in the Achilles tendon) and instructed Plaintiff to use a walking cane for the next three weeks. ECF No. 1 at 5. Plaintiff indicated that on November 19, 2014, Defendant Dan Delp recorded that the current modalities were not working (i.e., the walking boot and cane were making matters worse) and allegedly noted the need for an MRI and orthopedic evaluation. ECF No. 1 at 8. Plaintiff does not

ORDER DENYING MOTION FOR RECONSIDERATION -- 3

state that he pursued a grievance regarding a MRI or orthopedic evaluation at that time. In any event, it is unclear to this Court how a determination could have been made that a walking boot and the cane issued only the previous day were "making matters worse," especially in light of the fact that Plaintiff had been using a wheelchair for the preceding three weeks.

Plaintiff indicated that on January 13, 2015, Defendant Dr. Rendleman returned him to the wheelchair for an additional two weeks due to pain and swelling. ECF No. 1 at 5-6. On January 27, 2015, the Health Status Report (HSR) for a walking cane was renewed and Defendant ARNP John Rogers instructed Plaintiff to keep taking non-steroidal anti-inflammatory medications, as nothing else could be done. ECF No. at 6. Defendant Rogers then informed Plaintiff that the Care Review Committee would have to approve Plaintiff's request to see a podiatrist, showed Plaintiff foot exercises and asked him to be patient as it could take a year or longer for the Achilles tendon to heal. ECF No. 1 at 6. The Court cannot infer from these allegations that Defendants Rendleman and Rogers were deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff indicated that he continued with the walking cane, exercises, and non-steroidal anti-inflammatory medications until his body grew intolerant to the medications and he was told to stop taking Ibuprofen. Plaintiff stated that he filed a grievance in June 2016, seeking a second opinion from a podiatrist. ECF No. 1 at 6.

In response to the grievance, Plaintiff was seen by the medical director on July 14, 2016, who signed Plaintiff up for physical

ORDER DENYING MOTION FOR RECONSIDERATION -- 4

therapy. Plaintiff received a physical therapy session on July 19, 2016, at which he was told to continue his exercises, as there was nothing more the physical therapist could do. ECF No. 1 at 6.

Plaintiff stated he pursued an additional grievance on July 28, 2016, due to worsening pain and swelling from the exercises. ECF No. 1 at 7. Plaintiff asserted that on August 16, 2016, the physical therapist informed Plaintiff that x-rays had revealed his Bursa broke and was leaking synovial fluid, and the bone in the ankle joint was pushing through, causing pain and swelling. ECF No. 1 at 7. The physical therapist apparently indicated he would recommend surgery.

Plaintiff stated he submitted an additional grievance regarding the physical therapist's information on August 16, 2016, ECF No. 1 at 7, but he does not state what became of the recommendation for surgery. Plaintiff complained that his physical therapy session on August 17, 2016, was cancelled. He did not state by whom.

Plaintiff indicated that his HSR for a cane expired on August 17, 2016, and he was summoned to medical on August 23, 2016, to pick up a wheelchair. ECF No. 1 at 7. Although Plaintiff complained the wheelchair HSR expired on September 13, 2016, it was renewed the following day.

Plaintiff alleged that he was given another walking brace boot on September 28, 2016, similar to what had been issued to him in November 2014. Plaintiff complained that on October 3, 2016, Defendant John Rogers informed Plaintiff the Care Review Committee had denied his request to see a podiatrist, on the ground that the current provision of a wheelchair and walking boot was satisfactory and that

ORDER DENYING MOTION FOR RECONSIDERATION -- 5

Plaintiff's Achilles tendon could take years to heal. ECF No. 1 at 7. The fact Defendant Rogers relayed this information does not support a claim that Defendant Rogers was deliberately indifferent to Plaintiff's suffering.

Plaintiff indicated that he sent yet another grievance on October 3, 2016, complaining that the wheelchair and walking boot had not worked in November 2014, and the pain and swelling had grown more severe. ECF No. 1 at 8. Plaintiff also complained that the persons who examined his ankle each time he sought medical attention since October 2014, were not podiatrists. ECF No. 1 at 8.

Plaintiff averred that on October 6, 2016, he was informed a level III grievance had been closed and he could not grieve the same issue again. ECF No. 1 at 8. It is unclear to which of his numerous grievances this referred. Although Plaintiff indicated his repeated requests to see a podiatrist were denied, he made no further assertions regarding the physical therapist's recommendation of surgery, or other recommendations of an MRI or an orthopedic referral.

Rather, Plaintiff alleged the Defendants failed to properly diagnose and treat his Achilles tendon by failing to allow him to see a podiatrist. ECF No. 1 at 9. Plaintiff seems not to apprehend that it was the Care Review Committee, the members of which Plaintiff did not name as Defendants to this action, who denied his requests to see a podiatrist. Plaintiff has not stated facts against the identified Defendants sufficient to raise the inference that they were deliberately indifferent to his suffering.

ORDER DENYING MOTION FOR RECONSIDERATION -- 6

Instead, Plaintiff complained that due to Defendants' negligence, his mobility declined and he was unable to exercise and maintain his weight. Plaintiff claimed he sought stronger pain medication from Defendant John Rogers, but did not state when this occurred. ECF No. 1 at 9. He claimed Defendant Rogers prescribed Ibuprofen without checking Plaintiff's medical record, which allegedly indicated this medication might have been causing Plaintiff stomach problems, and that Plaintiff had been told to stop taking it in 2016. ECF No. 1 at 9. At worst, this might suggest negligence or medical malpractice, neither of which would support an Eighth Amendment claim. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment." (citation omitted)); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff alleged no facts against Defendant Mary Beth Flygare in his complaint. For the reasons set forth above, Plaintiff was instructed to amend his complaint to state a claim upon which relief may be granted. He did not do so. The "supplements" received on January 6, and January 9, 2017, do not cure the deficiencies of the initial complaint. Rather, they present allegations regarding Plaintiff's medical treatment for breathing problems in late December

2016. They are inadequate as an amended complaint and it would appear that the allegations presented in these "supplements" were not fully exhausted at the time they were presented to the Court as required by 42 U.S.C. § 1997e(a).

Plaintiff alleges in the Motion for Reconsideration that he requested an Orthopedic Consultation. ECF No. 18 at 1. Notably, Plaintiff did not make this allegation in his complaint. Plaintiff now also alleges Dr. Rendleman told him he was sending Plaintiff for a MRI. ECF No. 18 at 2. Again, Plaintiff does not state when this occurred. Regardless, an allegation that Defendant Dr. Rendleman was sending Plaintiff for an MRI, by itself, would not support an inference of deliberate indifference.

Plaintiff contends that when Defendants John Rogers, Mary Beth Flygare, and Don Delp knew there was nothing more they could do, they should have sent Plaintiff to a foot specialist for a consultation. ECF No. 18 at 2. Plaintiff makes no allegation that they had authority to order such a consultation. Indeed, Plaintiff had indicated in his complaint that it was the Care Review Committee which denied his requests to see a podiatrist. ECF No. 1 at 8.

Plaintiff now asserts that the delay in receiving a MRI and orthopedic consultation for two and a half years establishes his Eighth Amendment claim, ECF No. 18 at 3. He further alleges that it was the Care Review Committee which denied his request for a MRI and orthopedic consultation. ECF No. 18 at 3. Plaintiff, however, did not state in his complaint when he made these requests, to whom, or when they were denied. Furthermore, he does not name as Defendants to

ORDER DENYING MOTION FOR RECONSIDERATION -- 8

this action, individual members of the Care Review Committee or present facts from which the Court could infer they denied him medically necessary treatment in deliberate indifference to his suffering.

As his claims were initially presented to this Court, Plaintiff did not allege facts which stated a claim for relief. Rather, he asserted negligence in the failure to provide him an appointment with a podiatrist. The Court finds reconsideration of the Order to Amend or Voluntarily Dismiss, or the denial of immediate injunctive relief in the absence of a legally sufficient complaint to be unwarranted. ECF No. 14.

Therefore, **IT IS HEREBY ORDERED:** Plaintiff's Motion for Reconsideration, **ECF No. 18**, is **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and furnish copies to Plaintiff and the Ninth Circuit Court of Appeals. This action shall be stayed pending resolution of Plaintiff's appeal.

**DATED** this   9th   day of February 2017.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2016\prisoner16cv5136efs-2-7-dnyrecon.docx

ORDER DENYING MOTION FOR RECONSIDERATION -- 9